## James Bolton v. John Johnston.

1.  CONTRACTS—*Construction of, at Law and in Chancery.*—Contracts are construed in actions at law the same as in chancery.  Construction does not depend upon the forum in which the enforcement is sought.

2.  SAME—*Sale of Real Estate—Failure of Title—Effect of Condition.* —A condition in a contract of sale of real estate, by which the contract is to be void in case the vendor can not deduce a good title, is to be taken most strongly against the vendor, because he alone is able to judge of the necessity or propriety of making the condition ·before he offers the property for sale.  Such a condition gives an option, not to the vendor, but to the purchaser, to avoid the contract for a failure to deduce a good title.

**Memorandum.**—Assumpsit.  In the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.  Declaration on an agreement to convey real estate; plea of the general issue; case submitted to the court without a jury; finding and judgment for plaintiff; appeal by defendant.  Heard in this court at the October term, 1894, and affirmed.  Opinion filed December 20, 1894.

### STATEMENT OF THE CASE.

There is no dispute in regard to the facts in this litigation.  The plaintiff in the Superior Court, appellee here, sought to recover damages from the appellant because of a supposed breach of a contract relating to the sale of real estate.  The contract is in the words and figures following :

"$100.                          CHICAGO, May 24, 1881.

Received of John Johnston, Jr., the sum of one hundred dollars, account of the following property sold to him, to wit: the East half (E. ½) North East quarter (N. E. ¼) of the North East quarter (N. E. ¼) of Section 34, Township

40, North, Range 13, East of the Third Principal Meridian, Cook County, Ill.

Said land is sold to him for the sum of $350 per acre, excluding therefrom the right of way of the Chicago, Milwaukee & St. Paul Railway.

The terms are as follows:

One-half (½) cash; the balance by note and trust deed due on or before one year, with interest at six per cent till paid; said property is to be conveyed to said Johnston, clear of all incumbrances whatever, by full warranty deed and full original abstract of title from government to date, to be given to said Johnston; if title is not good and satisfactory this $100 to be refunded to said Johnston and to be forfeited to me if said Johnston shall fail to carry out this contract on his part; this contract to be closed within thirty days of this date, satisfactory survey to be furnished said Johnston, showing the amount of land to be conveyed exactly.

JAMES BOLTON.

It is hereby mutually agreed that the time for perfecting the title to this property shall be extended to November 1, 1881.

JOHN JOHNSTON, JR.,<br>JAMES BOLTON."

June 15, 1881.

The facts in this case, in addition to this contract, were embodied in a stipulation signed by the attorneys for the respective parties. Such stipulation is in the following form:

It is hereby stipulated and agreed by and between the parties to the above entitled cause:

1. That the writings, a copy of which are set out in the second and third counts of the plaintiff's amended declaration filed in said cause, were signed by the defendant, and by him delivered to the plaintiff at said county on the times the same bear date respectively.

2. That the defendant received from the plaintiff the sum of $100 in said writings mentioned at the time said writings were first signed by the defendant.

3. That the defendant, when he signed said writings, believed he had a good title to the lands in said writings mentioned.

4. That in fact the defendant did not at any time prior to the commencement of this suit have a title to said lands which was satisfactory to the plaintiff.

5. That within thirty days after the first day of November, 1881, and while the contract set forth in said writings was wholly unperformed except by the payment as aforesaid of said sum of $100, the plaintiff notified the defendant that the title of the defendant to said lands was unsatisfactory to the plaintiff, and that he, the plaintiff, desired the defendant to perfect such title and to convey such perfected title to plaintiff; that at the same time the defendant, by his agent, then tendered to the plaintiff $100 and notified the plaintiff that he, the defendant, could not make the plaintiff any title to said lands other than the one exhibited to plaintiff, and declared that the defendant then rescinded the sale in said writings mentioned, on the ground, among others, that the time to close the contract had elapsed.

6. That the plaintiff, when so notified, notified the defendant's agent, who gave such notice, that he, the plaintiff, declined to assent to such rescission; that he desired the defendant to perfect his title to said lands and to perform said contract on his part, and that he, the plaintiff, then was able and ready to perform the same on his part.

7. That the plaintiff so notified the defendant, or his agent in the matter, both before and after such notice of rescission, and on or about the first day of February, 1882, demanded of the defendant's said agent a conveyance to the plaintiff of a good title to said lands, and offered and tendered to said agent to pay him for the defendant on receiving such conveyance one-half of the purchase price of said lands as in said writings specified, and to secure the payment of the remainder or unpaid portion of such price in the manner and on the terms in said writings specified. No tender by plaintiff had been made before February 1, 1882, and no tender of performance by said defendant has been made at any time.

8.   That said defendant was absent out of the State of Illinois and in Europe from before the first day of November, 1881, until after said suit commenced, but that the said agent of defendant, to whom the tender of February 1, 1882, was made, was in said Cook county during the whole of that period.

9.   That said lands comprise eighteen and sixty-four one hundredths acres and no more.

10.   That on the 16th day of November, 1881, the plaintiff contracted in writing with one Delamater that in case and when the defendant should make plaintiff a good title to said lands, the plaintiff would convey to said Delamater the said lands at and for the price of $500 per acre.

And it is further stipulated by and between the parties to the above entitled cause, that the said lands were worth the said sum of $500 per acre and no more at all times from the 13th day of September, 1881, until after the beginning of this cause.

And the said defendant did not at any time prior to the commencement of this suit have or acquire a good title to said real estate, but during said time such title as the said defendant had to said real estate was not good.

The cause having been submitted to the court for trial, jury being waived, there was a finding and judgment for the plaintiff for $2,896, from which the defendant below prosecutes this appeal.

JONES & STRONG, attorneys for appellant.

EDWARD J. McARDLE and HENRY BROWNE, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is contended by appellant that the insertion in the contract of the provision that "if title is not good and satisfactory, this $100 to be refunded to said Johnston, and to be forfeited to me if said Johnston shall fail to carry out this

contract on his part," shows that the intention of the parties was, that if title was not found to be good and satisfactory, the only right of the vendee would be to a return of the $100 deposited by him, and that he consequently has no right of action for damages on account of a failure by appellant to convey such title and land as he had contracted to give.

We regard this case as falling within the rulings of the Supreme Court in Hale v. Cravener, 128 Ill. 408; Hunt v. Smith, 139 Ill. 296, and Lancaster v. Roberts, 144 Ill. 213.

It is true that these were chancery causes; but contracts are construed in actions at law the same as in chancery. The meaning of a contract does not depend upon the forum in which its enforcement is sought.

In the case of Lancaster et al. v. Roberts et al., 144 Ill. at page 224, the court say:

"It is claimed on behalf of the appellees that the demurrer to the bill was properly sustained upon the alleged ground that the only remedy which the purchaser named in the contract can resort to, is a suit at law for the amount of the cash deposit made at the time of the execution of the agreement."

"This contention is based upon that clause in the contract which provides that 'in case the title upon examination is found materially defective within ten days after said abstract is furnished, then unless the material defects be cured within sixty days after written notice thereof, the said earnest money shall be refunded and the contract is to become inoperative.'"

A condition in a contract of sale, by which the contract is to be void in case the vendor can not deduce a good title, is to be taken most strongly against the vendor, because he alone is able to judge of the necessity or propriety of making the condition before he offers the property for sale. Greaves v. Wilson, 25 Beav. 290; Page v. Adams, 4 Beav. 269. Such a condition gives an option, not to the vendor, but to the purchaser, to avoid the contract for failure to deduce a good title. Roberts v. Wyatt, 2 Taunt. 268.

In the recent case of Hale v. Gravener, 128 Ill. 408, the contract contained the following provision: " In case the abstract of title furnished as aforesaid does not show a good title, as herein stated, then the $500 this day paid thereon shall be returned to said first party and this contract determined," and we there held that said provision was designed for the benefit of the purchaser and could not be taken advantage of by the vendor, because the latter was presumed to know the title, while the former did not know it. If it were otherwise, a vendor might purposely neglect to furnish a good title, thereby relying upon his own default in order to accomplish a rescission of the contract by merely returning the earnest money."

For the reasons thus announced the judgment of the Superior Court is affirmed.

MR. JUSTICE GARY: I doubt, but will not take space to show how I think this case is distinguishable from those cited.